# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2013

Lyle W. Cayce
Clerk

No. 12-20226
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELEAZAR FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-275-12

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Eleazar Flores has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). We have reviewed counsel's brief and the relevant record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review with regard to the issues directly addressed in counsel's brief. However, counsel's brief fails to address the sentencing court's erroneous consideration of defendant's thirteen unadjudicated arrests, which were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unaccompanied by a factual recitation of the underlying conduct. *United States v. Johnson*, 648 F.3d 273, 277-78 (5th Cir. 2011) (finding that a sentencing court commits error when it considers the defendant's "bare arrest record."). *See also United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012) *cert. denied*, 133 S. Ct. 1845 (2013) ("If the factual recitation lacks sufficient indicia of reliability, then it is error for the district court to consider it at sentencing—regardless of whether the defendant objects or offers rebuttal evidence."). After review of the relevant portions of the record, we find that the  district court may have committed reversible error when imposing a mid-guideline sentence based in part on its consideration of the defendant's bare arrest record contained in the Presentence Report.

We do not decide today whether Flores will be able to establish, under plain error review, that the district court's error was clear or obvious and affected Flores' substantial rights. *Puckett v. United States,* 556 U.S. 129, 135 (2009). However, when considering counsel's motion to withdraw under *Anders*, this Court does not have to find that the Appellant will necessarily prevail on the merits of his appeal; rather the panel must consider whether the appeal may present a non-frivolous argument. *United States v. Davis*, 291 F. Appx 563, 567 (5th Cir. 2008).

Accordingly, counsel is directed to file supplemental briefing under *Anders* to address this issue, or in the alternative, file a merits brief. Counsel's motion for leave to withdraw is DENIED, subject to our reconsideration of counsel's supplemental briefing consistent with this opinion.

Flores' pro se motion for an extension of time to file a response to counsel's *Anders* brief is DENIED AS MOOT, subject to counsel's supplemental filing, and may be reasserted in response to counsel's further briefing.